The People of the State of New York, Respondent,
against
David Olm, Appellant.




New York City Legal Aid Society (Ronald Alfano of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Nancy Fitzpatrick Talcott), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Althea E. M. Drysdale, J.), rendered August 25, 2016. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct. The appeal from the judgment of conviction brings up for review an order of that court (Gia L. Morris, J.) dated December 21, 2015, denying defendant's motion to suppress physical evidence.




ORDERED that the judgment of conviction is reversed, on the law, the plea of guilty and the order denying defendant's motion to suppress physical evidence are vacated, defendant's motion is granted, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
After his arrest pursuant to an unrelated information card, or "I-card," defendant was transported to a local police precinct, where the arresting officer conducted a warrantless search of defendant's backpack. The search produced three Ziplock bags of what appeared to be cocaine, two glass pipes with marijuana residue and a marijuana grinder. Defendant was charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03).
At a suppression hearing, the arresting officer testified that, once an arrested suspect is transported to the precinct sergeant's desk, "the procedure is to . . . search any belongings that were on" the arrestee, which, in defendant's case, included his backpack. The prosecution argued that this constituted an inventory search, which is a " 'well-defined exception to the warrant requirement of the Fourth Amendment' " (People v Edwards, 163 AD3d 712, 713 [2018], quoting Colorado v Bertine, 479 US 367, 371 [1987]). The hearing court agreed and denied suppression of the fruits of the search. Thereafter, defendant pleaded guilty to disorderly conduct. On appeal, defendant contends that the court erred in denying suppression.
A warrantless inventory search is permitted to satisfy "specific objectives," namely "to protect the property of the defendant, to protect the police against any claim of lost property, and to protect police personnel and others from any dangerous instruments" (People v Johnson, 1 NY3d 252, 256 [2003]). However, " 'an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence' " (id., quoting Florida v Wells, 495 US 1, 4 [1990]). To protect against the danger of an inventory search devolving into an unconstitutional fishing expedition for evidence of criminality, standardized rules governing the conduct of the search must be established (see Johnson, 1 NY3d at 256; see also Wells, 495 US at 4; People v Galak, 80 NY2d 715, 719 [1993]).
At the suppression hearing, the People failed to satisfy their burden of going forward in that they failed to demonstrate that the arresting officer's search of defendant's backpack was a lawful inventory search. For example, the arresting officer, the sole witness, never stated explicitly that he was in fact conducting an inventory search, and an inventory list—"the hallmark of an inventory search" (Johnson, 1 NY3d at 256)—was neither testified about nor admitted into evidence. Further, "the People offered no evidence to establish the existence of any departmental policy regarding inventory searches[, and e]ven assuming such a policy existed, the People failed to produce evidence demonstrating . . . that this particular officer conducted this search properly and in compliance with established procedures" (id.). Thus, as the People concede on appeal, the contents recovered from defendant's backpack were the poisonous fruits of an unlawful search, and the hearing court erred in denying their suppression. Additionally, as a result of the proof of the gravamen of the offense being suppressed, "[t]he People [are] unable to adduce legally sufficient evidence to prove . . . defendant's guilt of the crime[] charged" (People v Theodore, 114 AD3d 814, 818 [2014]).
Accordingly, the judgment of conviction is reversed, the plea of guilty and the order denying defendant's motion to suppress physical evidence are vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019